# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         )
                                          )
              Plaintiff,       )
                                          )
                                          )
      v.                   )      Cr. ID No. 9911016961
                                          )
DARREL PAGE,            )
                                          )
             Defendant.     )
                                          )

Submitted: July 12, 2023
Decided: October 2, 2023

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S EIGHTH MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED AND DEFENDANT'S MOTIONS FOR THE APPOINTMENT OF COUNSEL, DISCOVERY, AND AN EVIDENTIARY HEARING SHOULD BE DENIED.

Abigail E. Rodgers, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Darrel Page, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

PARKER, Commissioner

This 2nd day of October, 2023, upon consideration of Defendant's eighth Rule 61 motion for postconviction relief, it appears to the Court as follows:

## BACKGROUND AND PROCEDURAL HISTORY

Defendant Darrel Page was tried before a Superior Court jury and convicted on June 17, 2003 of three counts of Murder in the First Degree, robbery, conspiracy and weapons charges. On February 24, 2006, Page was sentenced to life imprisonment, without the possibility of parole, for each of the three counts of Murder in the First Degree plus a term of years on the other convictions.

Following Page's convictions and sentences, Page filed a direct appeal. On October 10, 2007, the Delaware Supreme Court affirmed his convictions and sentences Thereafter, Page filed seven Rule 61 motions, all of which have been unsuccessful.[1] He has also filed two unsuccessful petitions for federal habeas corpus relief.[2] On May 23, 2023, Page filed the subject Rule 61 motion, his eighth Rule 61 motion.[3]

---

[1] See, *State v. Page,* 2019 WL 1013738, *2, ftnt. 10 (Del.Super.)(Superior Court Commissioner's report and recommendation denying Page's seventh Rule 61 motion detailing the prior six Rule 61 motions and the denials thereof).

[2] See, *State v. Page,* 2019 WL 1013738, *2, ftnt. 11 (Del.Super.)(Superior Court Commissioner's report and recommendation denying Page's seventh Rule 61 motion detailing the federal petitions for habeas corpus relief and the denials thereof).

[3] *State v. Page,* 934 A.2d 891 (Del. 2007).

1

## PAGE'S SUBJECT RULE 61 MOTION

In the subject motion, Page claims that he was only present for a small portion of the February 20, 2002 hearing on his trial continuance request and therefore did not hear the Court's comments regarding violations of his speedy trial rights. He is now seeking to raise claims stemming from the Court's comments at that hearing which he contends amounts to "actual judicial misconduct" somehow creating a strong inference of his actual innocence due to his alleged speedy trial rights violations.

Before Page is entitled to proceed with the subject Rule 61 motion, his eighth, he must first satisfy the pleading requirements. For second or subsequent postconviction motions, like the subject motion, in order to overcome the procedural bars warranting the summary dismissal of the motion, the defendant must plead with particularity: 1) that new evidence exists to establish the movant's actual innocence in fact of the charges for which he was convicted, or 2) that the existence of a new, retroactively applicable constitutional rule applies to the movant's case and renders a conviction invalid.[4]

Page has not satisfied the pleading requirements for proceeding with this motion. Page does not raise any new facts, let alone, new facts that would

---

[4] Super.Ct.Crim.R. 61(d)(2) & (5); and Rule (i).

2

create a strong inference that he was actually innocent of the charges for which he was convicted. In fact, the evidence of Page's guilt was overwhelming at trial.[5] Page has not alleged the existence of any newly discovered factual evidence, let alone exculpatory evidence that could not have been discovered ever before.[6] Moreover, Page has not alleged the existence of a new rule of constitutional law made retroactive which would render his convictions invalid. This motion should be summarily dismissed.

The hearing that forms the basis of Page's subject motion occurred on February 20, 2002.[7] Seven days before Page's capital murder trial was scheduled to begin, Page's counsel informed the trial judge that one of his experts and one of his investigators were unwilling to perform further services absent an advanced retainer fee.[8] The trial judge informed counsel that the requested funds would not be available for the balance of the fiscal year which ended June 30, 2002. Page's counsel then moved for a continuance on the grounds that there were insufficient funds to pay for the needed experts.[9]

---

[5] See, *State v. Page,* 2011 WL 1213841, *4-5 (Del.Super.), *aff'd,* 2012 WL 11615 (Del.).
[6] See, *State v. Clay,* 2022 WL 893744, *3 (Del.Super.)(when defendant was aware of factual evidence and already raised it in a postconviction motion, and the evidence was formerly adjudicated in a postconviction proceeding, it cannot constitute newly discovered evidence).
[7] D.I. 293: February 20, 2002 Transcript of Continuance Request, attached to Defendant's Eight Rule 61 Motion as Appendix pages A1-8.
[8] D.I. 293, Appendix pages A1-8; *Page v. State,* 934 A.2d 891, *895 (Del. 2007).
[9] *Id.*

The trial judge stated that it was being placed in a difficult position of balancing the 6th Amendment right of a defendant to effective representation by competent counsel which necessarily included the proper retention of experts with the interests of the State and Defendant in proceeding to trial promptly.[10] The trial judge noted that it was regrettable to both the Defendant and to the victims' family that the trial needed to be delayed. The trial judge noted that in order to afford Page a fair trial he must be permitted to retain expert witnesses routinely provided to other defendants in capital murder cases.[11] The trial judge continued Page's trial "until such time as defense experts and investigators can be paid." Page's trial was then set for September 10, 2002.[12]

For the sake of completeness of the speedy trial issue, Page's trial was again delayed. While Page's trial was pending, the United States Supreme Court decided *Ring v. Arizona,*[13] and in response to that decision, the Delaware General Assembly promptly amended the law defining the procedure in capital cases. Because of the legal issues raised by these developments, the Superior Court certified 16 questions in two capital cases

---

[10] February 20, 2002 Transcript of Continuance Request, at * 25-28.
[11] *Id.*
[12] February 20, 2002 Transcript of Continuance Request, at * 25-28; *Page,* 934 A.2d at 895.
[13] 536 U.S. 584 (2002).

that were pending trials.[14] Four days later, all pending trials and penalty hearings in capital first-degree murder cases were temporarily stayed pending the determination by the Delaware Supreme Court of the certified questions.[15] The Delaware Supreme Court accepted four of the certified questions and answered them on January 16, 2003.[16] The temporary stay was lifted on January 27, 2003. Page proceeded to trial on May 20, 2003.[17]

In this motion, Page seeks to raise violations of his constitutional speedy trial rights stemming from the February 20, 2002 continuance request hearing.

First, contrary to Page's representation that he was only present at the continuance hearing for a small portion of the proceeding, the transcript of the February 20, 2002 hearing reveals that Page was, in fact, present during the entire proceeding.

The hearing transcript reflects that Page's counsel presented the grounds for the continuance request from pages 3-23. After presenting the grounds for the continuance request, Page's counsel stated: "I think [Page] understands the purpose of what we are doing here today. . . I don't think we

---

[14] *Page v. State,* 934 A.2d 891, *895 (Del. 2007).
[15] *Id.*
[16] *Id.*
[17] *Id.*

get any prejudice from this. I think [Page] would concur with that. If Your Honor wants to hear him affirm that, I think he is willing to do that. . ."[18]

The Court then addressed Page and asked, "[I]s that your position?" To which Page responded: "Yes, I understand."[19]

The transcript does not reflect any break in the proceeding in order to get Page and bring him to the hearing and thereafter to get him up to speed on the representations made by his counsel during the hearing. To the contrary, the transcript reveals that immediately upon the Court's confirmation that it would like to hear from Page personally, Page immediately confirmed his understanding of his counsels' representations. This establishes that Page was present in the courtroom throughout his counsels' presentation.

The Court then continued to address Page, and inquired: "Do you understand that your counsel on your behalf has requested a continuance, and that would, in effect, toll your ability to raise . . . the issue of [your] speedy trial rights. Do you understand that?" To which Page responded: "Yes."[20]

---

[18] February 20, 2002 Continuance Trans. at pgs. 22-23.
[19] February 20, 2002 Continuance Trans. at pg. 23.
[20] *Id.*

6

The Court then inquired: "Anything about it that you don't understand?" To which Page responded: "He explained it to me. I understand that."[21]

The transcript reflects that the hearing continued, without any recess, until its conclusion.[22] There is no indication in the transcript that the proceeding stopped at any point to bring Page in to or out of the proceeding. From the transcript it can be inferred that Page was sitting next to his counsel during the entire proceeding.

Since the foundation on which this motion is based, that Page was not present for much of the continuance request hearing, is incorrect, this motion should be summarily dismissed.

Moreover, irrespective of whether Page was or was not present during the February 20, 2002 continuance hearing, Page's present claim is procedurally barred because it was already fully considered and adjudicated by the Delaware Supreme Court on direct appeal.[23] The Delaware Supreme Court on Page's direct appeal already adjudicated Page's claims of alleged

---

[21] *Id.*

[22] February 20, 2002 Continuance Trans.

[23] *Page v. State,* 934 A.2d 891, *895-898 (Del. 2007).

7

violations of his constitutional speedy trial rights due to the February 2002 continuance request stemming from the lack of funding for his experts.[24]

The Delaware Supreme Court, after considering the facts and circumstances of the trial delay in this case, held that Page suffered no prejudice by the delay, that his defense was not impaired, and that his speedy trial rights were not violated.[25]

Page's attempt to reraise alleged violations of his speedy trial rights at this late date is procedurally barred as previously adjudicated.[26]

Furthermore, after a full, thorough, and careful consideration of the claims raised by Page in his direct appeal, and thereafter in his first Rule 61 motion, the Superior Court opined, and the Delaware Supreme Court affirmed, that Page had suffered no deprivation of constitutional rights, by counsel, the Superior Court, the State, or otherwise.[27]

Page has already been advised that he had more than ample opportunity to raise claims of deprivations of his constitutional rights during the proceedings leading to his conviction, direct appellate proceedings, and during his first motion for postconviction relief.[28] In the denial of Page's third

---

[24] *Id.*
[25] *Id.*
[26] Super.Ct.Crim.R. 61(i)(4).
[27] See, *State v. Page,* 2014 WL 4348286, *2 (Del.Super.), *aff'd,* 2015 WL 428107 (Del.).
[28] *Id.*

8

motion for postconviction relief in 2013, the Superior Court further held, and the Delaware Supreme Court affirmed, that any claim for postconviction relief which Page has not asserted by that point was barred by Rule 61(i)(3).[29]

Page has not overcome the procedural hurdles of proceeding with this motion. The factual predicate for this motion, that Page was not at much of the February 20, 2002 continuance hearing is incorrect, and the motion should be dismissed on this basis alone. However, irrespective of whether Page attended the February 20, 2002 continuance request hearing, his alleged constitutional speedy trial violations stemming from that continuance request was already formerly adjudicated by the Delaware Supreme Court on direct appeal and is now procedurally barred. Moreover, at this late date, any claim for postconviction relief not previously asserted is barred by Rule 61(i)(3).

This motion should be summarily dismissed.

## **RELATED MOTIONS ARE DENIED**

In accordance with the mandates of Rule 61, Page's Rule 61 motion should be summarily dismissed as it failed to meet the pleading requirements for proceeding with the motion and is otherwise procedurally barred. As such, Page's request for the appointment of counsel, discovery and for an evidentiary hearing are likewise denied.

---

[29]*State v. Page,* 2013 WL 4828600, *5 (Del.Super.), *aff'd,* 2013 WL 6389595 (Del.).

For all of the foregoing reasons, Page's Motion for Postconviction Relief should be summarily dismissed.  His request for the appointment of counsel, discovery and for an evidentiary hearing should be denied.


**IT IS SO RECOMMENDED.**



_Lynne. M. Parker_____
Commissioner Lynne M. Parker


cc:    Prothonotary
       James E. Liguori, Esquire